22-6457
Singh v. Garland

BIA
Poczter, IJ
A208 797 307

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

PARDEEP SINGH,
> *Petitioner,*

v.                                                    **22-6457**
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Richard W. Chen, New York, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Brandon T. Callahan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pardeep Singh, a native and citizen of India, seeks review of an August 22, 2022, decision of the BIA affirming a June 3, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pardeep Singh*, No. A208 797 307 (B.I.A. Aug. 22, 2022), *aff'g* No. A208 797 307 (Immig. Ct. N.Y. City June 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered "the IJ's decision as modified by the BIA's decision," that is, minus the IJ's determination that the asylum claim was time-barred. *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial

evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

The governing credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

We find that substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on inconsistencies among two versions of Singh's asylum application, his testimony, and his documentary

evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Singh alleged that he was physically attacked by members of the Congress Party because of his and his family's support for the Mann Party. However, Singh's first asylum application did not disclose that he was physically attacked and stated only that Congress Party members "bullied" him. It was not until his second application and his hearing testimony that he claimed that in December 2004, Congress Party members beat him until he was unconscious and had to be taken to a hospital. The agency reasonably relied on his total omission of this attack, which was the basis of his claim of past persecution. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). When asked to explain why the original version of the application omitted that he was physically harmed, Singh was unresponsive, answering: "No. They came there. We were attacked." When informed that he had to provide "responsive answers," Singh paused, then stated, "I gave the statement, whatever my statement was." Neither response resolved the inconsistency between the applications. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner

must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Further, Singh's second application also omitted information about the 2004 attack and included details that were inconsistent with his testimony. In the application, Singh wrote that "[t]hree people on a bike came up to me and attacked me with hockey sticks and rods. I was badly injured and became unconscious"; he did not mention the attackers' political affiliation. However, at his June 2019 hearing, Singh testified that "four to five individuals" attacked him, and the attackers were Congress Party members who were aware that Singh supported another party. When asked to explain why his written statement did not identify who attacked him Singh simply responded, contrary to the record, that the written statement identified his attackers.

The adverse credibility determination is bolstered by Singh's lack of responsiveness when questioned about these issues. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We give "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an

innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (internal quotation marks omitted).

The agency also reasonably relied on Singh's lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Singh provided a letter from a Mann Party official, which stated that Singh and his family "had a problem with local administration and other political groups." However, when questioned, Singh stated that he had no problems with the local administration, and he never testified to harassment from any political group other than the Congress Party. When pressed to explain this inconsistency, Singh unresponsively replied, "[b]ecause they were all supporting Mann Party." Singh also provided a letter from the individual who allegedly found him after the 2004 attack, which stated that this individual took Singh home and then transported him to the hospital. However, Singh testified during the hearing that he was taken directly to the hospital after he was attacked. When asked to explain this discrepancy, Singh stated that he was unconscious at the time. The agency was not required to credit this

6

explanation because Singh testified that when he regained consciousness, he was told what had happened.  S*ee Majidi*, 430 F.3d at 80.

In sum, substantial evidence supports the adverse credibility determination given Singh's inconsistent statements and lack of reliable corroboration.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.   Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate.  *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

